# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| JASON DEWANE GREEN, | ) |
| Petitioner, | ) |
| v. | ) Case No. 5:24-cv-1501-MHH-GMB |
| WILLIAM STREETER, *et al.*, | ) |
| Respondents. | ) |

## **MEMORANDUM OPINION**

On June 3, 2025, the Magistrate Judge entered a report in which he recommended that the Court dismiss Jason Dewayne Green's petition for writ of habeas corpus with prejudice. (Doc. 24). The Magistrate Judge found that three of Mr. Green's constitutional challenges to his state-court conviction are unexhausted and procedurally defaulted, namely Mr. Green's contention that his constitutional rights were violated because the trial evidence did not warrant jury instruction on manslaughter; that his rights to a fair trial and due process under the Sixth and Fourteenth Amendments were violated because of cumulative error; and that the State's expert violated his rights to a fair trial and due process when she perjured herself. (Doc. 24, pp. 13–17). The Magistrate Judge also found that Mr. Green did not demonstrate cause and prejudice or miscarriage of justice to excuse the procedural default. (Doc. 24, pp. 17–21). As to Mr. Green's argument that the Anti-

1

Terrorism and Effective Death Penalty Act violates the Supremacy Clause and Article III based on the United States Supreme Court's decision in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), the Magistrate Judge found that *Loper Bright* does not apply to AEDPA deference. Finally, the Magistrate Judge found that the Alabama Court of Criminal Appeals' determination that Mr. Green's counsel was not ineffective was not an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984). Mr. Green has filed objections to the report and recommendation. (Doc. 27).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objective to."). A district court's obligation to "'make a de novo *determination* of those portions of the report or specified proposed findings or recommendations to which objection is made,'" 447 U.S. at 673 (quoting 28 U.S.C. § 636(b)(1)), requires a district judge to "'give *fresh consideration* to those issues to which specific objection has been made by a party,'" 447 U.S. at 675

2

(quoting House Report No. 94-1609, p. 3 (1976)).  *United States v. Raddatz*, 447 U.S. 667 (1980) (emphasis in *Raddatz*).

## I.  DISCUSSION

A.   *Loper Bright Enterprises v. Raimondo*

Because the argument concerns the standard that the Court must apply to evaluate Mr. Green's constitutional challenges to his state court conviction and sentence, the Court first considers Mr. Green's assertion that the holding in *Loper Bright* impacts AEDPA deference.  Relying on *Loper Bright*, Mr. Green contends that AEDPA deference to state-court decisions violates the Supremacy Clause and Article III.  (Doc. 27, pp. 4–16).  The Magistrate Judge noted that every court that had considered the argument as of the date of the report had determined that *Loper Bright* does not extend to AEDPA deference.  (Doc. 24, p. 23).  After the Magistrate Judge issued his report, in a non-binding opinion, the Eleventh Circuit addressed the issue.  *See Bates v. Fla. Dep't of Corrs.*, No. 25-12588, 2025 WL 2305211 (11th Cir. Aug. 1, 2025).  The Eleventh Circuit stated:  "At bottom, the Supreme Court's decision in *Loper Bright* is an interpretation of the Administrative Procedure Act— not the Constitution."  *Bates*, 2025 WL 2305211 at *1 (citing *Loper Bright*, 603 U.S. at 396, 406, 407, 412).  The Eleventh Circuit added:  "*Loper Bright's* observations about the relationship between the Article III judiciary and the 'political branches' have no bearing on [the petitioner's] argument here, which pertains to the deference

3

that AEDPA requires federal habeas courts to give state courts' decisions." *Bates*, 2025 WL 2305211 at *1 (brackets added). Accordingly, the Court overrules Mr. Green's objection regarding this issue. The Magistrate Judge properly incorporated AEDPA deference into his analysis of Mr. Green's habeas arguments.

**B.      Exhaustion and Procedural Default**

Mr. Green objects to the finding that he did not exhaust three of his habeas arguments in his state court proceedings. (Doc. 27, pp. 16–19). As to the first contention—that there was insufficient evidence to support a jury instruction concerning manslaughter—the Magistrate Judge found that Mr. Green did not exhaust the issue because he did not argue in his state-court filings that the trial court "violated [his] constitutional rights" when it "found that the evidence justified the [jury] instructions." (Doc. 24, p. 16) (citing Doc. 2, p. 38). Mr. Green contends that "the jury instruction issues are so closely related that all of the issues should be deemed to have been fairly presented to the state courts." (Doc. 27, p. 18). Mr. Green cites a few instances in his direct appeal in which he referred to constitutional violations. (Doc. 27, p. 18).

To exhaust a claim, a criminal defendant must give state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Therefore, to exhaust a constitutional challenge to the

manslaughter jury instruction based on sufficiency of evidence, Mr. Green had to assert specifically that the manslaughter jury instruction violated his constitutional rights because the evidence concerning manslaughter was not sufficient to charge the jury on that theory.  Mr. Green did not do so.  In his opening brief to the ACCA, in his discussion regarding the lack of evidence to support a manslaughter instruction, (Doc. 13-27, pp. 26–33), Mr. Green did not mention the United States Constitution.  Separately, Mr. Green argued that the manslaughter instruction unconstitutionally amended the indictment in which the State charged him with intentional murder.  Mr. Green argued that the instruction violated not only the Alabama Constitution and Alabama state law but also the Sixth Amendment of the United States Constitution because he did not receive fair notice of the charge against him and was not able to prepare a proper defense.  (Doc. 13-27, pp. 33–45).[1]  Mr. Green did not marry the two arguments or argue independently that the lack of evidence to support a manslaughter charge violated his rights under the United States

---

[1] Though most of Mr. Green's constitutional argument in his opening brief focused on state law, he raised the Sixth Amendment and mentioned the Fifth Amendment in support of his constitutional challenge to the unfair amendment of his indictment and the lack of notice of the charge against him. (Doc. 13-27, pp. 27, 44–45, 58).

The Court has not found an ACCA reply brief in the record.  Mr. Green did not present a constitutional argument in his ACCA application for rehearing or in his petition for a writ of certiorari to the Alabama Supreme Court.  (Doc. 13-28; Doc. 13-29).

Constitution. Therefore, he did not exhaust his constitutional challenge to the sufficiency of the evidence to submit a manslaughter instruction to the jury.

Mr. Green has not objected to finding that he did not exhaust his second constitutional challenge, namely that cumulative error violated his rights to a fair trial and due process under the Sixth and Fourteenth Amendments. The Court adopts the Magistrate Judge's analysis with respect to this constitutional argument.

Mr. Green objects to the finding that he did not exhaust his argument that his rights to a fair trial and due process were violated when the State's expert perjured herself. (Doc. 27, p. 18). The Magistrate Judge based his finding on the ACCA's holding that Mr. Green abandoned this argument on appeal. (Doc. 24, pp. 16–17; *see* Doc 13-24, pp. 3–6). Mr. Green contends that he exhausted this constitutional challenge by stating in his appellate brief that "the Alabama and United States Constitutions protect a citizen of this state from being deprived of life and liberty without 'due process of law.'" (Doc. 27, pp. 18–19; *see* Doc. 13-22, p. 47). This broad statement, which Mr. Green made in the context of arguing that the trial court erred in denying his claim that his trial attorney was ineffective for failing to timely amend the motion for a new trial to include perjury by the state's forensic expert, (*See* Doc. 13-22, pp. 42–58), is not sufficient to exhaust the related but separate due process challenge to his conviction based on the witness's perjury. As the Magistrate Judge concluded, Mr. Green did not fairly present this due process challenge to the

6

state court. *See Kelley v. Sec. for Dept. of Corr.*, 377 F.3d 1317, 1343–44 (11th Cir. 2004); *Picard v. Connor*, 404 U.S. 270, 275 (1971); *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005). Accordingly, the Court overrules Mr. Green's objection because his constitutional argument concerning the State's expert is unexhausted.

Finally, Mr. Green objects to the Magistrate Judge's conclusion that he has not met the cause-and-prejudice exception or the miscarriage-of-justice exception to excuse his procedural default on these three claims. (Doc. 27, pp. 19–23). With respect to cause and prejudice, Mr. Green argues that he raised the issue of his trial counsel's ineffectiveness in his Rule 32 petition such that he may rely on his claim of ineffective assistance of trial counsel to excuse his default. (Doc. 27, pp. 20–21). In its opinion concerning Mr. Green's Rule 32 petition, the ACCA listed the theories of ineffective assistance of trial counsel that Mr. Green presented in his Rule 32 petition and in amendments to the petition, and Mr. Green did not raise the constitutional challenges that he makes now. (Doc. 13-24, pp. 2–4). Therefore, Mr. Green may not rely on the cause-and-prejudice exception.

As to a miscarriage of justice, the Magistrate Judge properly concluded that Mr. Green has not presented new, reliable evidence establishing his actual innocence. *See House v. Bell*, 547 U.S. 518, 537 (2006) (holding that a petitioner must identify "'new reliable evidence—whether it be exculpatory scientific

7

evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial'") (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). Because Mr. Green cannot overcome his procedural default on these three claims, the Court overrules his objections on these grounds.

**B.     Ineffective Assistance of Counsel**

Mr. Green contends that the Magistrate Judge did not address his specific claims of ineffective assistance of counsel on the merits and instead "decided the record was silent as to trial counsel's decision-making process." (Doc. 27, pp. 25, 26).[2] Mr. Green also argues that the Magistrate Judge dismissed his claims "because his trial/appellate attorney did not testify at the evidentiary hearing." (Doc. 27, p. 28).

In applying the legal standard under *Strickland* and § 2254, the Magistrate Judge quoted the ACCA's decision regarding Mr. Green's ineffective-assistance-of-counsel claims as follows: "Green failed to satisfy his burden of proving his claims of ineffective assistance of counsel because he did not call his counsel to testify at the evidentiary hearing or otherwise present any evidence regarding the reasoning

---

[2] Mr. Green "agrees that a silent record in some cases is insufficient to satisfy the *Strickland* test" but argues that in his case, a reasonable inference cannot be drawn that his trial counsel's decisions "were made pursuant to a reasonable trial strategy." (Doc. 27, p. 25). The Court disagrees for the reasons discussed in this opinion.

behind his counsel's actions, and therefore the record is silent in that regard." (Doc. 24, p. 30) (citing Doc. 13-24, p. 8).

The ACCA's decision "was not contrary to and did not involve an unreasonable application of clearly established federal law or an unreasonable determination of the facts considering the evidence presented in the state court." (Doc. 24, p. 30) (citing 28 U.S.C. § 2254(d)(1) & (2)). "*Strickland* specifically commands that a court must indulge [the] strong presumption that counsel made all significant decisions in the exercise of reasonable professional judgment." *Cullen v. Pinholster*, 563 U.S. 170, 196 (2011). For the reasons the Magistrate Judge explained, Mr. Green did not present sufficient evidence to overcome this presumption.

Accordingly, the Court overrules Mr. Green's objection on these grounds.

## II. CONCLUSION

Having considered the record in this matter, the Court adopts the Magistrate Judge's report as supplemented in this opinion with the Eleventh Circuit's decision in *Bates v. Fla. Dep't of Corrs.*, No. 25-12588, 2025 WL 2305211 (11th Cir. Aug. 1, 2025). The Court accepts the Magistrate Judge's recommendation. By separate order, the Court will dismiss Mr. Green's petition for writ of habeas corpus with prejudice.

A district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). Mr. Green's claims do not satisfy either standard, so the Court will not issue a certificate of appealability. If Mr. Green wishes to appeal, he must request a certificate of appealability from the Eleventh Circuit Court of Appeals. Fed. R. App. P. 22(b); 11th Cir. R. 22-1(b).

**DONE** and **ORDERED** this December 23, 2025.

*/s/ Madeline H. Haikala*

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE